**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIO ALBERTO LOZANO-LOYA,** | § | |
| **Reg. No. 25469-051,** | § | |
| **Movant,** | § | |
| | § | **EP-10-CV-0075-KC** |
| **v.** | § | **EP-08-CR-2929-KC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Movant Mario Alberto Lozano-Loya's ("Lozano") *pro se* motion

under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence [ECF No. 26].[1]  In his motion,

Lozano challenges his guilty-plea conviction and thirty-six-month sentence for illegal re-entry, in

violation of 8 U.S.C. § 1326.  Lozano asserts that his trial counsel, Assistant Public Defender

John Calhoun, provided constitutionally ineffective assistance when he failed to (1) file a

requested notice of appeal; (2) object when the Court punished Lozano "twice" for the "same

crime;"[2] (3) claim Lozano was protected by "international immunity" because Mexico did not

have a "counterpart" offense; (4) object to a Border Patrol agent questioning Lozano about his

nationality before advising him of his *Miranda* rights; (5) challenge the original order for

Lozano's removal from the United States based on the immigration judge's violations of his due

---

[1] "ECF No." in this context refers to the number assigned to a document filed in the electronic case management system, CM/ECF, in cause number EP-08-CR-2929-KC.

[2] Movant notes that district courts found him guilty of illegal re-entry on two prior occasions (*United States v. Lozano-Loya*, EP-05-CR-492-KC (W.D. Tex. 2005); *United States v. Lozano-Loya*, 2:03-CR-2465-RB (D. N.M. 2004)), and he argues that his third conviction in EP-08-CR-2929-KC for the "same offense" amounts to "double jeopardy." Mem. in Supp. 2 [ECF No. 26].

process rights; (6) argue the prior conviction which resulted in Lozano's first removal was not for a crime of violence; (7) object when Lozano's sentence exceeded the two-year maximum allowed by the offense charged in the indictment; and (8) object to the computation of Lozano's criminal history points.  In its response [ECF No. 33], the Government maintains that Lozano "cannot show that his counsel was constitutionally ineffective, nor can he show that he was prejudiced."[3]

On February 23, 2011, the United States Magistrate Judge to whom this matter was referred issued a report and recommendation [ECF No. 42].[4]  In the report, the Magistrate Judge recommends, after reviewing the record and conducting an evidentiary hearing,[5] that the Court deny the motion.  The Magistrate Judge concludes, "based on the Court's observations of the Movant and Mr. Calhoun as each testified, the manner in which each answered questions, and the Court's best common sense evaluation of the competing contentions," that Lozano "did not request Mr. Calhoun to file a notice of appeal."[6]  He points out that the record reveals three indictments returned against Lozano alleging separate illegal reentries into the United States, and he explains

---

[3] Gov't's Resp. 10 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

[4] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation); 28 U.S.C.A. § 2255 Proc. R. 8(b) (West 2011) ("A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

[5] *See United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007) ("Because the record in the instant case does not conclusively show whether Tapp requested that his counsel file an appeal, we vacate the district court's judgment denying Tapp's § 2255 petition and remand for an evidentiary hearing on this issue.").

[6] Report and Recommendation 13.

that a violation "is complete when the entry is made."[7]  Thus, "[a] subsequent re-entry gives rise to a separate offense,"[8] and the prosecution of separate and distinct offenses does not constitute double jeopardy.[9]  The Magistrate Judge further explains that Lozano's "international immunity" defense fails because he cites no legal authority for this claim.[10]  He adds that "[a]n illegally obtained confession provides no relief" in an illegal re-entry case "because '[t]he body or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as the fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.'"[11]  The Magistrate Judge notes that "[n]owhere in his motion does Movant present any facts from which the Court can conclude that Movant would not have been deportable upon his apprehension and . . . [s]ince no prejudice has been established, the Court need not determine if a

---

[7] *Id.* (citing *United States v. Vargas-Garcia*, 434 F.3d 345, 349 (5th Cir. 2005) ("Ordinarily, illegal reentry is 'uncomplicated and is complete as soon as the entry or attempt is made.'") (quoting *United States v. Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995)).

[8] *Id*. (citing *United States v. Alvarado-Santilano*, 434 F.3d 794, 798 (5th Cir. 2005) ("[W]e hold that being found in the United States by immigration officials is sufficient to extinguish a pre-existing and continuing offense arising from prior illegal reentries.")).

[9] *Id*. at 16 (citing *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.")). *See also United States v. Severns*, 559 F.3d 274, 283 (5th Cir. 2009) ("The Supreme Court has explained that '[t]he Double Jeopardy Clause is cast explicitly in terms of being 'twice put in jeopardy,' and that Court has 'consistently interpreted [the Double Jeopardy Clause] 'to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.'") (quoting *Missouri v. Hunter*, 459 U.S. 359, 365 (1983)).

[10] *Id*. at 16.  *See also The Schooner Exchange v. McFaddon*, 7 Cranch 116, 11 U.S. 116, 144 (1812) ("[B]y the unanimous consent of nations, a foreigner is amenable to the laws of the place.").

[11] *Id*. at 17 (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984)).  *See also United States v. Berisha*, 925 F.2d 791, 797 (5th Cir.1991) ("*Miranda* warnings are unnecessary during routine questioning and searches by customs agents.").

-3-

due process violation exists in [his] case."[12]  The Magistrate Judge agrees that the Court properly applied the enhancement,[13] and he explains that § 1326(b) "sets forth sentencing factors rather than separate offenses such that an indictment in an illegal re-entry case need not allege a defendant's prior conviction."[14]  Finally, the Magistrate Judge declares that the presentence investigation report correctly calculated Lozano's criminal history points.[15]  Accordingly, the Magistrate Judge finds that Lozano cannot demonstrate both that his "counsel's performance was deficient," and that "the deficient performance prejudiced the defense."[16]  Therefore, he concludes that Lozano is not entitled to § 2255 relief on his claim that his counsel provided ineffective assistance.

The Magistrate Judge gave Lozano fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[17]  A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[18]  As to the other portions of the report, or if a party does not

---

[12] *Id.* at 10 (citing *United States v. Lopez-Vasquez*, 227 F.3d 476, 485 (5th Cir. 2000)).

[13] *Id* at 19.

[14] *Id.* at 19-20 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998)).

[15] *Id.* at 20

[16] *Strickland*, 466 U.S. at 687.

[17] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[18] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de

file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[19]  After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[20]

Lozano did not submit objections to the report.[21]  Accordingly, after examining the report, the Court finds the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[22]  Therefore, the Court will accept the report. Additionally, the Court will deny Lozano a certificate of appealability.

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[23]  Further, appellate review of a habeas

---

novo any part of the magistrate judge's disposition that has been properly objected to.").

[19] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[20] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[21] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[22] *Wilson*, 864 F.2d at 1221.

[23] 28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

petition is limited to the issues on which a certificate of appealability is granted.[24]   In other

words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby

limiting appellate review solely to those issues on which a certificate of appealability is granted.[25]

Although Lozano has not yet filed a notice of appeal, this Court nonetheless must address

whether he is entitled to a certificate of appealability.[26]

A certificate of appealability "may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right."[27]   In cases where a district court rejects a

petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong."[28]   To warrant a grant of the certificate as to claims that the district court rejects solely

on procedural grounds, the movant must show both that "jurists of reason would find it debatable

---

[24] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[25] *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

[26] *See* 28 U.S.C.A. § 2255 Proc. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[27] 28 U.S.C.A. § 2253(c)(2).

[28] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[29] Here, Lozano's motion fails because he has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court finds that it should deny Lozano a certificate of appealability.

Therefore, after due consideration, the Court enters the following orders:

1.    The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 42].

2.    The Court **DENIES** Movant Mario Alberto Lozano-Loya's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence [ECF No. 26].

3.    The Court **DISMISSES WITH PREJUDICE** Movant Mario Alberto Lozano-Loya's civil cause.

4.    The Court **DENIES** Movant Mario Alberto Lozano-Loya a **CERTIFICATE OF APPEALABILITY**.

5.    The Court **DENIES** all pending motions, if any, as moot.

**SO ORDERED**.

**SIGNED** on this **31st  day of March, 2011.**

*Kathleen Cardone*

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[29] *Slack*, 529 U.S. at 484.